UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMMANUEL OBIAGWU,

                  Plaintiff,

          -against-

JONATHAN ASTURIAS; NEW YORK
POLICE DEPARTMENT; CITY OF NEW
YORK; DASHAWN JENKINS; ANDREW
JAQUEZ; SGT. PETER ROGERS; SGT.
JESSICA ZHANG; SGT. GAL TAL; THOMAS
ARIAS; ANTHONY ARCOS; JOHN DOE 1;
JOHN DOE 2; RAMMAH MOHARAM; JESSE
MEYER; STEVE ESPINAL; BRACCIA
RUSSELL; LT. JOHN DOE 3; CUNNINGHAM;
TANAGRETTA; FRIEND; THOMAS BAY;
THOMAS MCNEELY; SGT LAVELLE;
YATES,

                  Defendants.

26-CV-3824 (JPO)

ORDER OF SERVICE

J. PAUL OETKEN, United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. §§ 1981 and 1983, alleging that officers and employees of the New York City Police Department ("NYPD") violated his rights on five separate occasions. He also asserts common law claims of fraud, negligence, battery, assault, "sexual assault," "threats to do violence," "harassment," conversion, and "hate speech, racism, and discrimination." (ECF No. 1, at 10-22.) The Court liberally construes the complaint as asserting an additional claim under N.Y.C. Administrative Code § 8-801 *et seq.*

Plaintiff sues: (1) the City of New York; (2) the NYPD; (3) 14 NYPD employees believed by Plaintiff to work out of the NYPD's TD ("Transit District") 2; (4) six NYPD employees believed to work out of NYPD's "TRT," which Plaintiff does not define[1]; (5) one NYPD

---

[1] One district court has explained that "TRT is a specialized unit made up of NYPD officers who are dispatched to areas suffering from an uptick in violence as a consequence of

employee believed to work out of NYPD's TD 34; and (6) one NYPD employee believed to work out of NYPD's TD 20. Among these defendants are three John Doe employees of the NYPD and four NYPD employees who are identified only by their last names. By order dated May 22, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

For the reasons that follow, the Court: (1) dismisses, for failure to state a claim, all claims against the NYPD; (2) dismisses, for failure to state a claim, all claims under Section 1981; (3) directs the New York City Law Department and the NYPD to identify the Doe and not-fully-identified defendants; (4) grants Plaintiff's motion for permission to participate in e-filing; and (5) asks Defendants to waive service of summons.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special

---

narcotics-related crime." *United States v. Warren*, No. 04-CR-0354 (NG), 2015 WL 13801673, at *2 (E.D.N.Y. Oct. 22, 2015).

solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## DISCUSSION

### A.    Defendant NYPD

The Court must dismiss Plaintiff's claims against the NYPD because the City of New York's municipal charter does not permit the NYPD to be sued. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*."); *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (stating NYPD is not a proper defendant); *Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal

agency."). The Court therefore dismisses Plaintiff's claims against the NYPD for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, the Court will construe his allegations against the NYPD as being asserted against the City of New York.

## B.        Claims under Section 1981

To the extent Plaintiff seeks to bring claims under 42 U.S.C. § 1981 that are separate from his claims under Section 1983, the Court dismisses those claims. This is because "the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of rights guaranteed in § 1981 by state governmental units." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989); *see Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018) (holding "that § 1981 does not provide a separate private right of action against state actors"). The Court therefore dismisses any claims Plaintiff seeks to assert under Section 1981, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.        The unidentified Defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York City Law Department and the NYPD to identify the following Defendants, who are alleged to be employed by the NYPD:

1.  John Doe 1, an officer of the NYPD who Plaintiff believes operated out of Transit District 2 and participated in Plaintiff's arrest, along with Defendant Arcos, on an unspecified date (*see* ECF No. 1, at ¶ 14);

2.  John Doe 2, an officer of the NYPD who Plaintiff believes operated out of Transit District 2 and "conducted a search of Plaintiff post arrest along with Jaquez" and

4

"allowed Jaquez to sexually exploit Plaintiff while he was in handcuffs without intervening," on July 1, 2025 (*see id.* at ¶¶ 15, 102-104);

3. John Doe 3, a lieutenant of the NYPD who Plaintiff believes operated out of Transit District 34, who (along with Braccia Russell) participated in Plaintiff's arrest on September 16, 2025, and who Plaintiff believes may be called "Mango" (*see id.* at ¶¶ 20, 50-54, 121-122, 136-138, 155-156, 163);

4. Cunningham, an officer of the NYPD who Plaintiff believes was operating out of TRT on July 2, 2025 (*see id.* at ¶¶ 21, 56-58);

5. Tanagretta, an officer of the NYPD who Plaintiff believes was operating out of TRT on July 2, 2025 (*see id.* at ¶¶ 22, 56-58, 75-77, 93-95, 139-142, 164, 183);

6. Friend, an officer of the NYPD who Plaintiff believes was operating out of TRT on July 2, 2025 (*see id.* at ¶¶ 23, 56-58, 75-77, 93-95, 139-142, 164, 170-171);

7. Lavelle, a sergeant of the NYPD who Plaintiff believes was operating out of Transit District 20 on June 3, 2025 (*see id.* at ¶¶ 23, 62, 180); and

8. Yates, an officer of the NYPD who Plaintiff believes was operating out of TRT on June 3, 2025 (*see id.* at ¶¶ 27, 60, 96-98, 109-110, 143-144, 192-193).

It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the NYPD, must ascertain the identity and badge number of each John Doe and otherwise not-fully-identified defendant whom Plaintiff seeks to sue here and the address where the defendant may be served.[2] The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

---

[2] If the Doe or not-fully-identified defendant is a current or former NYPD employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the newly identified John Doe and the otherwise not-fully-identified defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking Defendants to waive service.

**D.      Plaintiff's motion to participate in electronic filing**

Plaintiff has filed a motion seeking permission to participate in electronic filing in this case. (ECF No. 5.) The Court grants Plaintiff's motion. The ECF Rules & Instructions are available online at https://nysd.uscourts.gov/rules/ecf-related-instructions.

Following Plaintiff's registering to file documents electronically, he no longer will receive service of documents by postal mail, whether or not he previously consented to accept electronic service. All documents filed by the court, or any other party, shall be served on Plaintiff by electronic notice to Plaintiff's designated email address. *See* Fed. R. Civ. P. 5(B)(2)(E).

Should Plaintiff have any questions regarding electronic filing, he may call the ECF Help Desk at (212) 805-0800.

**E.      Request for waiver of service**

The Clerk of Court is directed to notify the NYPD and the New York City Law Department of this order. The Court requests that Defendants City of New York, Asturias,

---

involving NYPD defendants, rather than by personal service at a NYPD facility. If the Doe or not-fully-identified defendant is not a current or former NYPD employee or official, but otherwise works or worked at an NYPD facility, the New York City Law Department must provide a residential address where the individual may be served.

6

Jennings, Jaquez, Rogers, Zhang, Tal, Arias, Arcos, Moharam, Meyer, Espinal, Russell, Bay, and McNeely waive service of summons.

## CONCLUSION

The Court dismisses Plaintiff's claims against Defendant New York City Police Department. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court also dismisses Plaintiff's claims under 42 U.S.C. § 1981. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court further grants Plaintiff's motion to participate in electronic filing. The Clerk of Court is directed to terminate the motion pending at ECF No. 5.

The Clerk of Court is also directed to mail an information package to Plaintiff.

The Clerk of Court is directed to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that Defendants City of New York, Asturias, Jennings, Jaquez, Rogers, Zhang, Tal, Arias, Arcos, Moharam, Meyer, Espinal, Russell, Bay, and McNeely waive service of summons and that the New York City Law Department respond as directed in the *Valentin* order.

An "Amended Complaint" form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:    May 28, 2026
          New York, New York

_____
J. PAUL OETKEN
United States District Judge

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____

_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
              (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name              Middle Initial       Last Name

_____

Street Address

_____

County, City                      State                  Zip Code

_____

Telephone Number                   Email Address (if available)

Page 3

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                       State                  Zip Code

Defendant 2:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                       State                  Zip Code

Defendant 3:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                       State                  Zip Code

Defendant 4: 

        First Name                Last Name

        Current Job Title (or other identifying information)

        Current Work Address (or other address where defendant may be served)

        County, City              State         Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: 

Date(s) of occurrence: 

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.