UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMMANUEL OBIAGWU,

Plaintiff,

-against-

JONATHAN ASTURIAS, et. al.,

Defendants.

26-CV-03824 (JPO) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

The Court brings its own motion under the Servicemembers Civil Relief Act ("SCRA") to stay the proceedings as to Defendant Braccia Russell. *See* 50 U.S.C. § 3932(b)(1) ("At any stage before final judgment in a civil action or proceeding in which a servicemember . . . is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days[.]").

Under the SCRA, "a servicemember who is in military service and has received notice of the action may apply for a stay of at least ninety days." *Torres v. City of New York*, No. 19-CV-6332 (ER), 2021 WL 4991328, at *1 (S.D.N.Y. Oct. 27, 2021) (citing 50 U.S.C. § 3932(b)). The application must include:

(A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear[, and]

(B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 U.S.C. § 3932(b)(2). Upon such a showing, a stay is "mandatory." *Grant v. Nat'l Bd. of Med. Examiners*, No. 07-CV-0996, 2009 WL 1457698, at *9 (N.D.N.Y. May 22, 2009); *see* 50 U.S.C.

§ 3932(b)(1) (providing that the Court "shall, upon application by the servicemember, stay the action"). "[C]ourts have held that the provisions of the SCRA are to be liberally construed and applied in a broad spirit of gratitude towards service personnel." *Galgano v. County of Putnam*, No. 16-CV-3572, 2016 WL 11701301, at *1 (S.D.N.Y. Nov. 15, 2016).

Here, the City filed a letter on October 20, 2026 informing the Court that Russell is currently on military leave and expected to return on March 31, 2027. (ECF 32.) This letter does not fulfill the requirements of the SCRA, in that it does not set forth the manner in which current military duty requirements materially affect Defendant's ability to appear in this Court. Nor does the letter include a letter from Russell's commanding officer stating that Russell's military duty prevents Russell's appearance in this case.

I held a status conference on October 8, 2026, at which time Plaintiff stated that he did not object to a stay of the proceedings as to only Russell while Russell is on military leave. In light of Plaintiff's lack of objection to a stay, and in the interest of liberally construing the provisions of the SCRA to show gratitude for military service, the action as to Russell, and not as to any other Defendant, is STAYED until **April 15, 2027**. *See* 50 U.S.C. § 3935(b) ("If the servicemember is a codefendant with others who are not in military service and who are not entitled to the relief and protections provided under this chapter, the plaintiff may proceed against those other defendants with the approval of the court.").

The City shall provide the Court with an update on Russell's status on **April 15, 2027**.

The Clerk of Court is respectfully requested to stay the case as to Russell.

DATED: October 21, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**